H. C. Frazier v. The State.

No. 1276.    Decided June 21, 1911.

1.—Theft—Felony—Value.

   Where, upon trial of theft of and over the value of $50, the evidence clearly authorized the jury to find the defendant guilty of the theft of property of the value of $50, there was no error.

2.—Same—Charge of Court—Recent Possession—Article 723.

   Where, upon trial of theft, the evidence did not raise the issue of possession of property recently stolen calling for an explanation, there was no error in the court's failure to charge thereon; besides under article 723, Code Criminal Procedure, there was no reversible error.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of theft of the value of $50 and over; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted for the theft of a buggy, the property of J. L. Wilemon, alleged in the indictment to be of the value of $75.   He was convicted of the theft of property of the value of $50, and his penalty fixed at two years in the penitentiary.

There are no bills of exception and only two grounds of the motion for new trial.   The first claims that the verdict is contrary to the law and evidence, and not supported thereby, in that the value of the property stolen is not shown to be of the value of $50 or over.

The value of the property stolen is testified to by four witnesses. The testimony of one is to the effect that the buggy was worth from $50 to $75.   Two others fixed it as high as $52, their valuations ranging from $40 to $52.   The testimony of the other fixes the value at less than $50.   The evidence, therefore, clearly authorized the jury to find the appellant guilty of the theft of property of the value of $50.

The only other error complained of is shown by the second ground of the motion for new trial, which is in effect that the court erred in not charging the law on possession of recently stolen property, claiming that there is no evidence that the defendant was "ever called upon for an explanation of his recent possession of the stolen property, in which event to warrant an inference or presumption of guilt from the circumstances of possession alone, such possession must be recent, personal and exclusive, was unexplained, and did not involve a direct and conscious assertion of the property by the defendant."

The charge of the court is full and apt for cases of this character, and a correct charge on circumstantial evidence was given.

The evidence clearly and without doubt shows that Wilemon, the party who was alleged to be the owner of the buggy, had it in a barn across a twenty-foot alley in the rear of the house where the appellant lived in September, 1910; the owner could not fix the exact date when he last saw the buggy before it was stolen. He testified that on Sunday evening late, September 18, 1910, he first knew that it had been stolen. The evidence justified the jury to believe that he had seen it last in the place where he had it the previous Sunday. The evidence also showed that the tracks of the buggy made while pushing it out from where it was stored into the alley, were recent at the time Wilemon first discovered that it had been stolen. The owner lived on the same block upon which the appellant lived—from 200 to 250 feet from him. The appellant was shown to have had the buggy in his personal, exclusive possession on Monday, September 19th, in an adjoining county, forty or forty-five miles from Abilene, in Taylor County, where he and the owner resided, and that on that date he traded or sold the buggy to another one of the witnesses, Stevens. He made no explanation at any time of his possession of the buggy. The buggy was recovered by the owner on the following Saturday. Its identity was clearly established. About the time the buggy was recovered the sheriff of Taylor County had learned that the appellant had traded it to said Stevens as above stated. He thereupon had a talk with the appellant, and told him that he was suspicioned of the theft. The appellant then agreed to go to the courthouse and see the sheriff within thirty minutes from that time. He made no explanation whatever then of his possession of the stolen buggy or anything in connection therewith. Instead of meeting the sheriff, as he agreed, he fled the country, and was not arrested until months afterwards, several counties distant from where the theft occurred. At the time the owner stored and last saw his buggy it had a leather top on it. When recovered the top was gone. Shortly before the trial the owner met the appellant in Abilene and asked him if he knew when his trial was set, and appellant replied that he did, and informed him of the time. He then asked him what he was going to do about it. Appellant first said he did not care to talk about it, then said he did not know what. The owner then said to him, "I wish you would tell me where my buggy top is, so I can get it while I am not doing anything else." Appellant replied, "Well, you will probably find it before the trial is over—find out before the trial is over where your top is." The owner said to him, "The man that got the buggy in Abilene knows where the top is." The appellant replied, "Yes, and he will have to tell you where it is."

In our opinion the testimony is clearly sufficient to justify the finding of the verdict by the jury, and did not call for a charge on the sub-

ject of the possession of recently stolen property. Besides this, even if such charge were authorized, under article 723 Code Criminal Procedure, this court is prohibited from reversing a case unless the error of failure to give such a charge was calculated to injure the rights of the defendant. In this case we are clearly of the opinion that, even if the court should have charged as insisted upon by appellant, the failure was not calculated to injure the rights of the appellant.

The judgment is affirmed.

*Affirmed.*